Gutiérrez, Demandante-Apelada-Apelante, v. Herederos de Rafael Gutiérrez et al., Demandados-Apelantes-Apelados.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre nulidad de sentencia.

No. 2255.—Resuelto en marzo 31, 1921.

Sentencia—Nulidad—Cuestiones no Levantadas—Abogado—Menores—Emplazamiento.—Declarada nula la sentencia a gestión de ciertos demandados rebeldes en cuanto a ellos solamente, los otros demandados que eran en su mayoría menores de edad, pidieron que la nulidad se extendiera a ellos porque la sentencia no era divisible ni separable. Así lo resolvió la corte pero sosteniendo que la sentencia era nula, además porque los demandados menores no habían sido emplazados personalmente. *Se resolvió:* que la corte de distrito debió limitarse a decidir la cuestión planteada y que en todo caso habiendo estado los menores representados por su madre y albacea y comparecido por su abogado desde el primer momento en el pleito presentando alegaciones, interviniendo en el juicio, introduciendo pruebas, apelando, cualquier defecto que pudiera notarse en el emplazamiento podría considerarse subsanado, pudiendo decirse que los demandados prescindieron de la cuestión levantada de oficio por la corte.

Desestimación de Apelación Pedida Después de la Vista.—Las mociones pidiendo la desestimación de la apelación, deben presentarse antes o en el momento de la vista, no después.

Los hechos están expresados en la opinión.

Abogados de los apelantes-apelados: *Sres. Guerra & Soldevila.*

Abogado de la apelada-apelante: *Sr. Juan Guzmán Benítez.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El presente recurso fué entablado por la demandante dentro del mismo pleito en que había establecido la apelación No. 2204, que resolvió este tribunal por su decisión de 18 de enero último. Fué objeto del primer recurso una orden dictada por la Corte de Distrito de San Juan anulando, en cuanto a ciertos demandados, la sentencia pronunciada en el pleito a favor de la demandante, porque dichos demandados no habían sido emplazados debidamente. Como po-

drá verse, 29 D. P. R. 29, esta Corte Suprema revocó la orden de nulidad dejando en todo su vigor la sentencia pronunciada en el pleito.  Esto hubiera puesto término al asunto, pero sucedió que mientras se tramitaba el recurso No. 2204 los otros demandados en el pleito acudieron a la corte de distrito y pidieron que decretara la nulidad de la sentencia también en cuanto a ellos porque dicha sentencia no era divisible y separable entre los demandados.  Así lo decidió la corte de distrito y la parte demandante interpuso entonces la presente apelación.

1. Basta exponer los anteriores hechos para concluir que esta apelación debe resolverse por los principios establecidos en la opinión emitida para fundamentar la sentencia de esta corte pronunciada en el recurso No. 2204 el 18 de enero último, ya que son las mismas las cuestiones envueltas.

2. Sin embargo la corte de distrito a pesar de no haberse invocado tal circunstancia por los propios peticionarios parece que fundó su orden de nulidad apelada también en el hecho de que los peticionarios eran menores de edad y no habían sido emplazados de acuerdo con la ley, esto es, personalmente.  La parte demandante y apelante se hizo cargo en su alegato de tal circunstancia y la parte apelada también y esto es lo que ha complicado en cierto modo el asunto.

A nuestro juicio la corte debió haberse limitado a resolver la cuestión tal como le fué planteada.  Además, de los autos aparecía que los demandados—Isabel Mimoso y sus hijos,—que hicieron la segunda petición de nulidad, habían intervenido por medio de su abogado, los menores representados por su madre con *patria potestad* y albacea, desde el primer momento en el pleito, formulando alegaciones, acudiendo al juicio, interviniendo en las alegaciones, en la misma forma que ahora lo hacen para interponer este recurso y suscitar estas cuestiones.  Siendo ello así, cualquier defecto que pudiera notarse en el emplazamiento, podría considerarse subsanado por la comparecencia de dichos demandados

Puede decirse que éstos prescindieron de la cuestión levantada de oficio por la corte.

3. En su alegato la parte apelada sostiene también que la sentencia era nula porque habiéndose dictado en rebeldía en cuanto a los demandados que presentaron la primera petición de nulidad no aparecía que el que diligenció el emplazamiento, que no fué el *marshal,* tuviera diez y ocho años de edad. Y los apelados citan el caso de *Lyons v. Cunningham,* 66 Cal. 43.

Esa misma cuestión fué estudiada y resuelta por esta Corte Suprema en el caso de *Buonomo* v. *Sucesión Juncos,* 28 D. P. R. 469, y otros en él citados, en el sentido indicado por los apelados, pero no era a éstos sino a los otros demandados rebeldes a los que correspondía levantarla y no lo hicieron. Además, examinando el diligenciado es por lo menos muy dudoso que pudiera aplicarse a este caso la doctrina sentada, porque podría tal vez llegarse a la conclusión de que, aunque en forma imperfecta, del mismo constaba que la persona que practicó el emplazamiento era mayor de diez y ocho años.

4. Finalmente, después de celebrada la vista del recurso, la parte apelada presentó una moción pidiendo la desestimación del mismo por no haberse notificado el escrito de apelación a los demandados rebeldes. La parte apelante ha solicitado que se elimine dicha moción o se declare en su caso sin lugar.

Las mociones de desestimación deben presentarse antes o en el momento de la celebración de la vista del recurso. Esto bastaría para eliminar en efecto la moción de que se trata, pero aún entrando a estudiarla en sus méritos creemos que debe ser declarada sin lugar, porque atendidas las circunstancias especialísimas de este caso, no era necesaria la notificación a los co-demandados rebeldes.

*Sin lugar la desestimación; revocada la resolución recurrida debiendo quedar en vigor*

*la sentencia dictada por la corte inferior
en mayo 29, 1919.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Aldrey no tomó parte en la resolución de este caso.